ROBERT MILLS v. THE AMERICAN EXPRESS COMPANY.

*Express money order—When title passes—Liability to drawer.*

Where, in response to a letter requesting a loan of $25, the party
to whom it is written purchases and forwards to the writer,
after indorsing it to him, an express money order for the sum
asked for, and the order is received by the wife of the writer,
whom he has constituted his agent to receive and disburse it,
the title to the order passes on its receipt and acceptance by
the wife, and, upon the death of the husband, it becomes the
property of his estate, and the question whether the widow
rightfully or wrongfully disposes of the order is a matter
between her and the administrator, in which the party sending
it has no concern.

Error to Lapeer.   (Moore, J.)   Argued October 25, 1893.
Decided December 22, 1893.

*Assumpsit.*   Plaintiff brings error.   Affirmed.   The facts
are stated in the opinion.

*Kohler & Bentley*, for appellant.

*F. C. Harvey*, for defendant.

GRANT, J.   This case was tried before the court with-
out a jury, and the findings are as follows:

"1. That shortly after February 4, 1890, the plaintiff
received a letter from one Mr. Harris, of Otter Lake,
Michigan, requesting a loan of $25, and, in response to
the same, plaintiff, on the 11th day of February, 1890,
purchased of defendant's agent, at Standish, Michigan, an
express money order for $25, to be transmitted to Wilson
Harris, Otter Lake, Michigan, and that the money order
for $25 was indorsed by him over to Wilson Harris, or
order, on the same day, and forwarded by mail to said
Harris, at Otter Lake, Michigan.

"2. That said letter was taken from the post-office on
the 12th day of February, 1890, by the son of said Harris,

about 4 o'clock in the afternoon; that, prior to that time, Wilson Harris, after he was taken sick, and while he was competent to attend to his affairs, told his wife that he was expecting money from Mills, and directed her, when it arrived, to pay the same to Daniel Merrill, to apply on the rent of the farm then occupied by them, and, after said Harris' death, his wife received said money on said order sent by Mills, and paid the same to Daniel Merrill, as directed by said Harris.

"3. That, after the death of Wilson Harris, said order was indorsed by Mrs. Harris, who obtained the face thereof of Tanner & Stark, who also indorsed it, and forwarded it through the bank to Detroit, where it was paid by the defendant company, February 19, 1890.

"4. That the defendant company never paid $25 to Wilson Harris personally, during his life-time, for the plaintiff, after the 11th day of February, 1890, and it never paid at any time, except as hereinbefore stated.

"The court finds, as a conclusion of law, that when said money order was indorsed by said plaintiff to the order of said Wilson Harris, and transmitted to the said Harris by mail, said plaintiff parted with his interest in the money order and the money represented by it, and that, under the facts as found above, he cannot recover in this action. Judgment is therefore entered in favor of the defendant."

Plaintiff excepted to the second finding of fact, because the court omitted to find that Harris, at the time of the receipt of the letter and order, was incompetent to do any business on account of sickness, and died at 11 o'clock P. M. of the same day. He also excepted to the third finding of fact, because the court refused to find that Harris never accepted the money order, or authorized any one to accept it for him. He also excepts to the conclusion of law, because the facts found do not support the judgment.

Unless the incompetency of Mr. Harris to transact business on account of sickness operated to prevent the passing of the title to the order and the money it represented, such fact is immaterial. Harris, after having written plaintiff for the money, constituted his wife his agent to receive

and disburse it, which she did, as directed.   He was at that time competent.   His condition at the time the order was received by his agent was immaterial.   At his death the order became the property of his estate.   Whether his wife rightfully or wrongfully disposed of it is a matter between her and the administrator, but not one in which the plaintiff is concerned.   By the receipt and acceptance of the order by his agent, who was authorized to receive it, the title passed.

Judgment affirmed.

The other Justices concurred.